11-1978-ag
Zhang v. Holder

BIA
A097 966 034
A070 902 978

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 4th day of April, two thousand twelve.

PRESENT:
        ROBERT D. SACK,
        RICHARD C. WESLEY,
        GERARD E. LYNCH,
            *Circuit Judges.*
_____

CHU DUAN ZHANG, XIN TAN YU,
        *Petitioners,*

        v.                                      11-1978-ag
                                                NAC

ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,
        *Respondent.*
_____

FOR PETITIONER:        Scott E. Bratton, New York, New
                       York.

FOR RESPONDENT:        Tony West, Assistant Attorney
                       General; Richard M. Evans, Assistant
                       Director; Andrew Oliveira, Trial

**Attorney, Civil Division, Office of Immigration Litigation, U.S. Department of Justice, Washington, D.C.**

UPON DUE CONSIDERATION of this petition for review of a decision of the Board of Immigration Appeals ("BIA"), it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioners Chu Duan Zhang and Xin Tan Yu ("Zhang"), natives and citizens of the People's Republic of China, seek review of the April 26, 2011, order of the BIA denying their motion to reopen. *In re Chu Duan Zhang, Xin Tan Yu*, Nos. A097 966 034/A070 902 978 (B.I.A. Apr. 26, 2011). We assume the parties' familiarity with the underlying facts and procedural history of the case.

We review the BIA's denial of a motion to reopen for abuse of discretion. *Kaur v. BIA*, 413 F.3d 232, 233 (2d Cir. 2005) (per curiam). "A motion to reopen proceedings shall not be granted unless it appears to the Board that evidence sought to be offered is material and was not available and could not have been discovered or presented at the former hearing." 8 C.F.R. § 1003.2(c)(1) (2005); *see also* 8. U.S.C. § 1229a(c)(7). Failure to offer such evidence is, therefore, a proper ground on which the BIA may

2

deny a motion to reopen, as is the movant's failure to establish a *prima facie* case for the underlying substantive relief sought. *See INS v. Abudu*, 485 U.S. 94, 104-05 (1988).

In support of her claim that she established a *prima facie* case, Zhang argues that the BIA erred in declining to afford probative weight to a village committee notice and affidavit from her mother allegedly showing that Chinese officials are aware of Zhang's Falun Gong practice. She avers that because she was found credible in her underlying proceedings, and because the village committee notice she submitted was not obtained in preparation for her proceedings but when Chinese officials came to her mother's house, her evidence should have been credited. These arguments are unavailing.

The BIA's rejection of the village committee notice was not in error because the notice was not authenticated "in any manner." *See Shunfu Li v. Mukasey*, 529 F.3d 141, 149-50 (2d Cir. 2008). The BIA's decision had nothing to do with its finding that Zhang was credible, and finding Zhang credible but giving the notice limited probative value are not mutually exclusive, which makes Zhang's attempts to

distinguish her case from *Qin Wen Zheng v. Gonzales*, 500 F.3d 143 (2d Cir. 2007) beside the point. Furthermore, Zhang's argument that the notice she submitted was unlike that found to be properly afforded minimal weight in *Matter of H-L-H- & Z-Y-Z-*, 25 I. & N. Dec. 209 (BIA 2010) is not persuasive because the evidentiary concerns associated with an unsigned and unauthenticated notice are not obviated by the notice's contemporaneity. *See Shunfu Li*, 529 F.3d at 149-50; *see also Xiao Ji Chen v. U.S. Dep't of Justice*, 471 F.3d 315, 342 (2d Cir. 2006). We afford considerable flexibility to the BIA to determine how unauthenticated documents can impact and alien's claim and find no abuse of the flexibility and discretion here. We also find Zhang's challenge to the BIA's decision to afford her mother's affidavit minimal weight similarly unpersuasive. *See Li Hua Lin v. U.S. Dep't of Justice*, 453 F.3d 99, 104 (2d Cir. 2006).

Moreover, none of the additional evidence Zhang submitted, including photographs of herself and her husband practicing Falun Gong and engaging in a Falun Gong demonstration, the 2007 Department of State profile on China, and various news reports of China's treatment of

4

Falun Gong practitioners established the Chinese government's awareness of her practice of Falun Gong. *See Hongsheng Leng v. Mukasey*, 528 F.3d 135, 143 (2d Cir. 2008); *Jian Hui Shao v. Mukasey*, 546 F.3d 138, 162 (2d Cir. 2008).

For the foregoing reasons, the petition for review is DENIED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk
